BOUTALL, Judge,
dissenting.
I am in agreement with the proposition set forth by the majority that the jury charges were confusing and may have led to jury error; however, I disagree as to the severity of the problem and the weight or consideration to be given to the jury’s finding of negligence of the landlord in response to the specific interrogatories. As I view' the majority opinion, it sets aside the jury’s finding of negligence, accords it no validity or consideration as a basis of appellate review of facts, and substitutes its opinion for that of the jury. While I also believe that the jury charges were confusing, and that the interrogatories should have been couched in a different fashion, I believe that the specific finding of negligence and proximate cause should have been accorded greater consideration in our resolution of this appeal.
The trial judge gave to the jury charges which encompassed three separate legal theories of recovery available to plaintiffs:
The general theory of responsibility for negligence encompassed under Louisiana Civil Code Articles 2315 and 2316; the liability of the lessor to the lessee without necessity of fault provided in Louisiana Civil Code Article 2695; and an explanation of the lessor’s responsibility under R.S. 9:3221. Unfortunately, the interrogatories addressed to the jury only offered a choice of a finding of negligence or no negligence. Thus the jury may have reached a conclusion on some other theory of law applicable to the fact situation and not been able to express itself clearly because of lack of sufficiently responsive interrogatories. However, this is only subject to conjecture, and we have no way of knowing whether the jury was confused or not, or what its true intent was. Suffice it to say that the jury had a right to request explanation of any charges if there was confusion, but did not avail itself of that right.
*1127 I would therefore accord to this finding of negligence of the landlord and proximate cause the same weight and validity which attaches in any other jury case. We may not on appeal set aside a jury finding if there is sufficient basis upon which to make such a finding, absent manifest error. We cannot substitute our own opinion or conclusions for that of the jury.
An examination of the evidence discloses that there are three possible causes of the fire. The first, which is espoused by plaintiffs, is that there was a heater situated in a small alcove too close to unprotected woodwork in violation of the Ordinance of the City of New Orleans and the general safety code, and that this defective installation caused the fire. The second theory is that the fire was caused by a defective electrical outlet located in the living room, that the outlet had been illegally and improperly installed by the landlord, or should have been discovered by him before renting to this tenant. The third theory was that the fire was caused by some extraneous source, not the responsibility of the landlord. The finding of negligence of the landlord and no contributory negligence of plaintiffs would support recovery by plaintiffs under either the first or second theory.
In support of the theory of heater caused fire, plaintiffs offered the testimony of themselves, some pictures of the area after the fire, and the testimony of an expert chemical engineer who reconstructed the cause of the fire, George Pappas. The testimony of plaintiffs is to the effect that the heater had been on and burning all night and that the fire when discovered was starting in the alcove where the heater was located. The expert explained that long, continued exposure to heat from this type of heater could cause wood in close proximity to ignite, and confirmed the alcove as the place where the fire started. To offset this testimony, defendants offered portions of the depositions of plaintiffs taken some four months after the fire wherein plaintiffs stated that the heater was not on at the time. Defendants also offered the testimony of an expert who testified that the fire did not start in the alcove but in the living room, probably due to extraneous causes. This expert testified to the defects found in the electrical outlets and the possibility of that being the ignition source; however, to be the ignition source it was necessary that the electrical outlet be in use and there was no evidence of such use at the time of the ignition.
The testimony of plaintiffs, their expert, the evidence of the pictures and the weather bureau report of temperatures on the night of January 16 and morning of January 17, is sufficient support for the jury’s verdict. The matter is one of credibility of the witnesses. If the jury believed the testimony of plaintiffs rather than their statements in deposition, and if it believed the testimony of plaintiffs’ expert over defendants’ expert, its verdict is correct.
It is axiomatic that where there is a question of credibility of the witness, that the trier of fact is in the best position to make such assessments and we cannot overturn such a finding unless manifestly erroneous. Accordingly, I find sufficient support for the jury’s conclusion of negligence and I would affirm the verdict and judgment appealed.